**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

JERRY WILLIAMSON,

       Plaintiff,

   - v -             Civ. No. 1:12-CV-1869
                     (LEK/RFT)

ALBANY MEDICAL CENTER,

       Defendant.
_____

**APPEARANCES:**           **OF COUNSEL:**

JERRY WILLIAMSON
Plaintiff, *Pro Se*
270 N. Pearl Street
Apt. 7N
Albany, New York 12207

**RANDOLPH F. TREECE**
**United States Magistrate Judge**

### **REPORT RECOMMENDATION and ORDER**

   The Clerk has sent to the Court for review a Complaint filed by *pro se* Plaintiff Jerry Williamson. Dkt. No. 1, Compl. Plaintiff has also filed a Motion to Proceed *In Forma Pauperis* (IFP) and a Motion to Appoint Counsel. Dkt. Nos. 2 & 3.

### **II. DISCUSSION**

#### **A. *In Forma Pauperis* Application**

   Turning first to Plaintiff's Motion to Proceed with this Action IFP, after reviewing the entire file, the Court finds that Plaintiff may properly proceed with this matter IFP.

#### **B. Plaintiff's Complaint**

   Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that

. . . the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Thus, it is a court's responsibility to determine that a plaintiff may properly maintain his complaint before permitting him to proceed with his action.

In bringing this action, Plaintiff utilized a *pro forma* complaint used by litigants seeking to sue under the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101, *et seq.* The ADA provides a private cause of action for qualified individuals suffering under a disability who are discriminated against by reason of that disability. "Disability" is defined in the ADA as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. § 12102(1). In support of his claim, Plaintiff asserts that he suffers from "cervical discectomy and of the neck an[d] spinal fusion in the lower back." Dkt. No. 1 at ¶ 4. His Complaint then skips from paragraph four to paragraph seven, wherein he sets forth the facts supporting his alleged claim of discrimination. Therein, Plaintiff explains that on January 28, 2012, he was receiving physical therapy at Albany Medical Center. After being in the "pool & spar" for thirty-four minutes, Plaintiff was directed to exit the pool. Upon exiting, Plaintiff slipped and fell on his "arm and right side the [sic] same side [he] had [his] cervical discectomy done in 2011." *Id.* at ¶ 7. He further states that he filed a charge with the New York State Division on Human rights or the New York City Commission on Human Rights on or about December 20, 2012, the same date he signed the instant ADA Complaint. *Id.* at ¶ 9.

It is unnecessary for us to assess whether Plaintiff suffers from a disability as set forth in the ADA and thus would be considered a qualified individual because under the facts pled, there are no acts of discrimination by reason of his disability that can be discerned. Instead, his claims sound

more like a personal injury claim/slip-and-fall type of case. In this regard, the ADA is not the proper vehicle to seek redress. Thus, there exists no basis for this Court to exercise its federal question jurisdiction. To the extent Plaintiff is attempting to invoke this Court's diversity jurisdiction in order to pursue a personal injury action, such claim must also fail because Plaintiff could not satisfy the necessary jurisdictional requirements since both he and the Defendant are domiciled in New York State.[1] As such, dismissal of this case is warranted. *See* FED. R. CIV. P. 12(h)(3) (court may raise basis of its jurisdiction *sua sponte* and must dismiss the action if subject matter jurisdiction is lacking).

Thus, because Plaintiff fails to state a valid claim of discrimination under the ADA, and because no basis exists for the Court to exercise its diversity jurisdiction, this action must be **dismissed**.

Lastly, we turn to Plaintiff's request for appointment of counsel. Dkt. No. 2. It is well-settled that courts cannot use a bright-line test in determining whether counsel should be appointed on behalf of an indigent party. *Hendricks v. Coughlin*, 114 F.3d 390, 392-93 (2d Cir. 1997). As the Second Circuit stated in *Hodge v. Police Officers*, 802 F.2d 58 (2d Cir. 1986), the court "should first determine whether the indigent's position seems likely to be of substance." 802 F.2d at 61. If the claim satisfies that threshold requirement, a number of factors must be carefully considered by the court in ruling upon such a motion. Among these factors are:

---

[1] For diversity jurisdiction to exist, the matter in controversy must exceed $75,000 and must be between
(1) citizens of different States;
(2) citizens of a State and citizens or subjects of a foreign state;
(3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
(4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.
28 U.S.C. § 1332(a).

> the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason in that case why appointment of counsel would be more likely to lead to a just determination.

*Terminate Control Corp. v. Horowitz*, 28 F.3d 1335, 1341 (2d Cir. 1994) (quoting *Hodge v. Police Officers*, 802 F.2d at 61-62).

This is not to say that all, or indeed any, of these factors are controlling in a particular case. Rather, each case must be decided on its own facts. *Velasquez v. O'Keefe,* 899 F. Supp. 972, 974 (N.D.N.Y. 1995) (citing *Hodge v. Police Officers*, 802 F.2d at 61).

As noted above, this Court finds that Plaintiff has failed to state cognizable ADA claim and there is no basis for the Court to entertain an action sounding in personal injury under its diversity jurisdiction. Therefore, appointment of counsel would not be warranted.

**WHEREFORE**, it is hereby

**ORDERED**, that Plaintiff's *in Forma Pauperis* Application (Dkt. No. 3) is **granted**; and it is further

**ORDERED**, that Plaintiff's Motion for Appointment of Counsel (Dkt. No. 2) is **denied**; and it is further

**RECOMMENDED**, that the entire Complaint be **dismissed**, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief can be granted and for lack of subject matter jurisdiction; and it is further

**ORDERED**, that the Clerk serve a copy of this Report Recommendation and Order on Plaintiff by certified mail.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen (14) days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN (14) DAYS WILL PRECLUDE APPELLATE REVIEW.** *Roldan v. Racette*, 984 F.2d 85, 89 (2d Cir. 1993) (citing *Small v. Sec'y of Health and Human Servs.*, 892 F.2d 15 (2d Cir. 1989)); *see also* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72, 6(a), & 6(e).

**IT IS SO ORDERED**.

Date: January 11, 2013
    Albany, New York

_____
Randolph F. Treece
U.S. Magistrate Judge